UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANGELA D. WREN,

       Plaintiff,

  v.                                                Case No. 04-C-0756

COLUMBIA-ST. MARY'S HOSPITAL,

       Defendant.

**DECISION AND ORDER DISMISSING ACTION FOR LACK OF DILIGENCE**

This action was commenced on August 9, 2004, when the pro se plaintiff, Angela D. Wren ("Wren"), filed a complaint and petition to proceed in forma pauperis. This court granted Wren's petition to proceed in forma pauperis on October 5, 2004, after the action was randomly reassigned to this court upon United States District Judge J.P. Stadtmueller's recusing himself.

The defendant, Columbia-St. Mary's Hospital ("CSM"), was served with a copy of the complaint and filed an answer. A scheduling conference was conducted with the plaintiff and the defendant's counsel on January 27, 2005. At the conclusion of that conference a scheduling order was issued which ordered, among other things, that the parties were to make their Rule 26(a) Fed. R. Civ. P. disclosures no later than February 14, 2005; that all discovery was to be completed in accordance with Civil L.R. 26.2 by September 1, 2005; and that all dispositive motions were to be filed no later than October 3, 2005.

On May 19, 2005, CSM filed a motion to dismiss the action for plaintiff's lack of diligence. In support of that motion CSM filed the declaration of its counsel, Lawrence T. Lynch. In his declaration Mr. Lynch avers as follows:

> 1. On February 4, 2005, I served on plaintiff Angela D. Wren Defendant's Rule 26(a)(1) Initial Disclosures. Enclosed as Exhibit 1 is a copy of my February 4, 2005 letter to Ms. Wren. With the Initial Disclosures, I also served on Ms. Wren Defendant's First Set of Interrogatories and First Request for Production of Documents to Plaintiff. In the letter, I explained to Ms. Wren what she needed to do to respond to the Interrogatories and Requests for Production of Documents. In particular, I told her that her responses were due to me by March 9, 2005.
>
> 2. On March 18, 2005, I served a Notice of Deposition on Ms. Wren scheduling her deposition in my offices for May 12, 2005, at 9:00 a.m. Enclosed as Exhibit 2 is a copy of my March 18, 2005 letter to Ms. Wren, which was served by certified mail and was signed for at Ms. Wren's residence on March 19, 2005. A copy of the signed certified return receipt is attached to the March 18, 2005 letter.
>
> 3. In my March 18, 2005 letter to Ms. Wren, I enclosed a copy of my February 4, 2005 letter to her regarding the Initial Disclosures that the parties were supposed to exchange by February 14, 2005. I wrote to Ms. Wren, "so far, I have not received anything from you." I also reminded Ms. Wren that I had served on her Defendant's First Set of Interrogatories and First Request for Production of Documents and that her responses to these Interrogatories and Document Requests were due on March 9, 2005. I wrote as follows:
>
>> I would appreciate it if you would contact me to let me know when you will be getting both your Initial Disclosures and your responses to Defendant's Interrogatories and Document Requests to me.
>
> 4. I never received a response from Ms. Wren to either my February 4, 2005 or my March 18, 2005 letters.
>
> 5. On April 28, 2005, I sent another letter to Ms. Wren reminding her that I had sent a Notice of Deposition to her on March 18, 2005, scheduling her deposition for May 12, 2005. Enclosed as Exhibit 3 is a copy of my April 28, 2005 letter to Ms. Wren. This letter was sent by certified and regular mail. The certified receipt has not been returned from the U.S. Postal Service. However, the regular mail version of the letter has not been returned to me, so I presume that Ms. Wren received it.

6. In my April 28, 2005 letter to Ms. Wren, I reminded her of my previous letters to her. I further informed Ms. Wren, "I have not received either your Initial Disclosures or your Answers to the Interrogatories or the documents I requested." I asked Ms. Wren to get them to me by the end of the following week. As was the case with my previous letters, I did not receive a response from Ms. Wren.

7. Because it was becoming apparent to me that Ms. Wren did not intend to respond to my Interrogatories and Document Requests or provide me with her Initial Disclosures, I became concerned that she would not appear at the May 12, 2005 deposition. On May 11, 2005, I attempted to contact Ms. Wren by telephone at the telephone number that she listed in her pleadings of (414) 324-6253. I attempted several times to contact Ms. Wren by this number. Each time I called this number, a recorded message came on informing me that the subscriber at this number was not taking telephone calls.

8. Not surprisingly, when 9:00 a.m. on May 12th, 2005 arrived, Ms. Wren did not appear. I had a court reporter present as well as two representatives from Columbia St- Mary's, Inc. We waited for Ms. Wren for approximately 20 minutes and she did not arrive or contact me. I then went on the record to recount the above efforts I had made to schedule this deposition and Ms. Wren's failure to date to cooperate in the discovery process. I was at work the rest of the day on May 12, 2005, and Ms. Wren did not arrive or contact me. To date, I have not had any contact with Ms. Wren since the January 27, 2005 scheduling conference with the Court, to which she arrived considerably late.

9. Since Ms. Wren has not done anything in this case to date and has failed to respond to defendant's discovery requests and has failed to appear at her properly noticed deposition, her complaint should be dismissed under Civil L.R. 41.3 with prejudice since she is "not diligently prosecuting the action."

(Lynch Decl. ¶¶ 1-9.)

Civil Local Rule 41.3 (E.D. Wis.) provides as follows:

Whenever it appears to the Court that the plaintiff is not diligently prosecuting the action, the Court may enter an order of dismissal with or without prejudice. Any affected party can petition for reinstatement of the action within 20 days.

As set forth above, Ms. Wren has failed to respond to the discovery requests presented to her by the defendant and has failed to appear for her own deposition. Perhaps even more tellingly, she even has failed to respond to the instant motion to dismiss. It may be that Ms. Wren has lost interest

3

in her case. Regardless, it is abundantly obvious that Ms. Wren is not diligently prosecuting this action. Consequently, the defendant's motion will be granted, at least in part. Because the plaintiff is proceeding pro se, this action will be dismissed without prejudice. Consistent with the provisions of Civil Local Rule 41.3, Ms. Wren can petition for reinstatement of the action within 20 days of the date of this order.

**NOW THEREFORE IT IS ORDERED** that the defendant's motion to dismiss be and hereby is **GRANTED IN PART AND DENIED IN PART**;

**IT IS FURTHER ORDERED** that this action be and hereby is **DISMISSED WITHOUT PREJUDICE**;

**IT IS FURTHER ORDERED** that Ms. Wren can petition for reinstatement of the action within 20 days of the date of this order.

**SO ORDERED** this 16th day of June 2005, at Milwaukee, Wisconsin.

/s/ William E. Callahan, Jr.
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge